**Jay JEFFERS, Jr., Plaintiff—Appellant,**

v.

**RIMER, Officer; et al., Defendants—Appellees.**

**Nos. 04–15299, 04–15565.**

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 23, 2005.

Jay Jeffers, Jr., Coolidge, AZ, Pro se.

R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Michael J. Frazelle, Esq., Swenson, Storer, Andrews & Frazelle, PC, Phoenix, AZ, for Defendants—Appellees.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

### MEMORANDUM **

Jay Jeffers, Jr., a former Arizona state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging that county jail officers were deliberately indifferent to his medical needs, and interfered with his access to writing materials. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni,* 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.

Jeffers' evidence does not refute defendants' evidence that they ensured that Jeffers received his insulin shots when necessary and complied with his dietary needs. Accordingly, Jeffers failed to raise a genuine issue of material fact as to whether the defendants acted with deliberate indifference to his medical condition. *See McGuckin v. Smith,* 974 F.2d 1050, 1060 (9th Cir.1992), *overruled on other grounds, WMX Techs. Inc. v. Miller,* 104 F.3d 1133 (9th Cir.1997) (en banc) (prison officials act with deliberate indifference when they "purposefully ignore" or "fail to respond" to prisoners' pain or medical needs); *see also Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (holding that prison officials can only be held liable where an inmate can show that officials knew of and consciously

** This disposition is not appropriate for publication and may not be cited to or by the

disregarded an excessive risk to prisoner's health).

The district court also properly granted summary judgment for defendants on Jeffers' claim that the denial of writing materials violated his Fourteenth Amendment rights because he failed to show that the Coolidge County policy of restricting access to writing materials is not supported by the legitimate penological purpose of maintaining safety and security. *See Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) (a prison regulation that impinges on inmates' constitutional rights may be valid if it is "reasonably related to legitimate penological interests").

Jeffers' remaining contentions lack merit.

Appellees' motion to strike Jeffers' supplemental brief is granted.

**AFFIRMED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.